IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| CHESTER A. BOUGHERS, | ) | |
|     Petitioner, | ) | Civil Action No. 7:23cv00389 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| S. LOVETT, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION
AND ORDER OF DISMISSAL**

Chester A. Boughers, proceeding *pro se*, filed this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241.  (Dkt. No. 1.)  According to his petition, Boughers is currently incarcerated at USP Hazelton, in Preston County, West Virginia.  Preston County is located within the jurisdiction of the United States District Court for the Northern District of West Virginia.  28 U.S.C. § 129(a).

This court lacks jurisdiction over Boughers's petition because his current custodian is located within the Northern District of West Virginia.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004) (explaining that a § 2241 petition challenging present physical custody must be filed in the district of confinement, which is where his custodian resides, and that "jurisdiction lies in only one district: the district of confinement").  In similar cases, after finding a lack of jurisdiction, the Fourth Circuit has directed that a district court determine "whether transferring [the] § 2241 petition to the proper federal district court would serve the interests of justice, *see* 28 U.S.C. § 1631 (2000), or whether the action is more appropriately dismissed without prejudice to allow" refiling in the appropriate district court.  *United States v. Childs*, 126 F. App'x 96, 98 (4th Cir. 2005); *see also, e.g.*, *United States v. Falice*, 834 F. App'x 32, 33 (4th Cir. 2021) (taking same approach).

Here, Boughers has only recently filed his petition, and he has not yet paid the filing fee. Moreover, it does not appear that any statute of limitations would bar his claim. Nor is it even clear that the relief he is requesting can be brought or obtained through a § 2241 petition. Instead, his petition is asking the federal court to order a state court in Tennessee to dismiss pending charges against him so that he may be considered for placement in a halfway house. The court thus concludes that the interests of justice do not require transfer and instead the court will dismiss his petition without prejudice for lack of jurisdiction. If he chooses, Boughers may refile his § 2241 petition in the United States District Court for the Northern District of West Virginia.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that the petition is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction and the Clerk is DIRECTED to STRIKE this case from the active docket of the court. If Boughers so chooses, he may refile his petition in the Northern District of West Virginia. The Clerk shall send a copy of this opinion and order to Boughers, along with a copy of his petition, Dkt. No. 1.

Entered: July 7, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge